UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAMON BOWLING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-01196-JMS-DML |
| | ) |
| ERIC CANTRELL, et al. | ) |
| | ) |
| Defendants. | ) |

**Order Granting in Part and Denying in Part Defendants' Motion to Dismiss**

Plaintiff Damon Bowling filed this 42 U.S.C. § 1983 action on March 25, 2019, raising excessive force, failure to protect, unreasonable seizure, and state law tort claims based on events that occurred in March 2017. Dkt. 11. In August 2019, Mr. Bowling filed a motion to add another defendant, which the Court denied. Dkt. 34. After receiving several extensions of time, Mr. Bowling filed a second amended complaint on April 28, 2020.[1] Dkt. 63.

The second amended complaint identified three new defendants and asserted two additional claims. *Id.* The Court screened the second amended complaint pursuant to 28 U.S.C. § 1915A and allowed the following claims to proceed: (1) Eighth Amendment excessive force claims against Eric Cantrell, Steve Bills, Terry Combs, and Joe Oliver; (2) an Eighth Amendment failure to protect claim against Michelle Dudley; (3) a Fourth Amendment unreasonable search claim against Mr. Cantrell; (4) state law tort claims for assault, battery, and false imprisonment against Ms. Dudley, Mr. Cantrell, Mr. Bills, Mr. Combs, and Mr. Oliver; (5) an Eighth Amendment deliberate

---

[1] Mr. Bowling submitted his first amended complaint in February 2020. Dkt. 47. The Court did not accept this proposed amended complaint because it did not name as defendants the individuals identified in the original complaint and did not include the claims originally asserted against those individuals. Dkt. 52. The Court gave Mr. Bowling a deadline to file a second amended complaint. *Id.*

indifference to a serious medical need claim against David Hornsby; and (6) a state law medical malpractice claim against Mr. Hornsby. *See* dkt. 66.

Now before the Court is a motion to dismiss filed by the defendants. Dkt. 70. They contend that the second amended complaint is untimely as to Mr. Combs, Mr. Oliver, and Mr. Hornsby, that Mr. Bowling has failed to state a claim upon which relief can be granted, that the defendants are entitled to qualified immunity, and that Mr. Bowling has failed to comply with Federal Rule of Civil Procedure 8.[2] Dkt. 70 at 3. Mr. Bowling has not responded to the motion to dismiss.

## I. Applicable Law

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint need only "contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pleaded facts as true and draw all permissible inferences in the plaintiff's favor. *See Tucker v. City of Chicago*, 907 F.3d 487, 491 (7th Cir. 2018).

## II. Analysis

### A. Statute of Limitations

Defendants Mr. Combs, Mr. Oliver, and Mr. Hornsby argue that the claims against them should be dismissed because they are barred by the statute of limitations. Dkt. 70 at 5-7. Dismissal is appropriate on statute of limitations grounds where the plaintiff's claims are "indisputably time-

---

[2] In the motion to dismiss, the defendants identify several additional claims that were not identified in the entry screening Mr. Bowling's second amended complaint. *See* dkt. 70 at 3-4. Because only the claims identified in the screening entry dated May 11, 2020, are proceeding, *see* dkt. 66, the Court will not address the additional claims identified by the defendants.

barred." *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005); *see also Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012) (same).

Actions brought under § 1983 use the statute of limitations and tolling rules that states employ for personal-injury claims. In Indiana, the applicable statute of limitations period is two years. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34-11-2-4. Mr. Bowling first named Mr. Combs, Mr. Oliver, and Mr. Hornsby as defendants in the second amended complaint, which was filed April 28, 2020, and concerns events that occurred in March 2017. Dkt. 63. Thus, all claims against Mr. Combs, Mr. Oliver, and Mr. Hornsby are barred by the statute of limitations.

Although an amended complaint may relate back to the date of the original complaint, *see* Fed. R. Civ. P. 15(c), a district court must make two inquiries before allowing relation back, *see Joseph v. Elan Motorsports Tech. Racing Corp.*, 638 F.3d 555, 559 (7th Cir. 2011). The first of those inquiries is "whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendants." *Id.* at 559-60. The second inquiry is "whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself." *Id.* at 560.

Mr. Bowling has not responded to the motion to dismiss. Therefore, there is no evidence that the newly added defendants—Mr. Combs, Mr. Oliver, and Mr. Hornsby—knew or should have known that Mr. Bowling would have sued them in addition to the other defendants if not for his mistake. Additionally, Mr. Bowling has not refuted the argument that these defendants were prejudiced by Mr. Bowling's failure to name them as defendants prior to expiration of the statute of limitations. Mr. Bowling has therefore not satisfied his burden of demonstrating that the second

amended complaint relates back to the timely-filed complaint. *See Irvin v. City of Chicago*, No. 07 C 1207, 2007 WL 3037051, *4 (N.D. Ill. Oct. 15, 2007) ("But it is the plaintiff's burden to demonstrate that the amendment relates back to a timely-filed complaint."). All claims against Terry Combs, Joe Oliver, and David Hornsby are therefore **dismissed** as barred by the statute of limitations.

### B. Qualified Immunity

Mr. Cantrell, Mr. Bills, and Ms. Dudley argue that certain claims against them should be dismissed because they are entitled to qualified immunity. *See* dkt. 70 at 16-17. "Because a qualified immunity defense so closely depends 'on the facts of the case,' a 'complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds.'" *Reed v. Palmer*, 906 F.3d 540, 548 (7th Cir. 2018) (quoting *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001)). The motion to dismiss is **denied** insofar as the defendants contend that they are entitled to qualified immunity at this stage of the proceedings. The defendants may re-assert this defense once there has been factual development of the allegations in Mr. Bowling's second amended complaint.

### C. Failure to State a Claim

Mr. Cantrell, Mr. Bills, and Ms. Dudley also argue that many of Mr. Bowling's claims should be dismissed for failure to state a claim upon which relief can be granted. Dkt. 70 at 7-16. Many of the defendants' arguments are based on assertions that need factual development. *See, e.g.*, dkt. 70 at 12-13 (asserting that Mr. Bowling's arrest was supported by probable cause). On a motion to dismiss, the Court must accept all well-pleaded facts as true and draw all permissible inferences in Mr. Bowling's favor. *Tucker*, 907 F.3d at 491.

As set forth in the screening entry dated May 11, 2020, Mr. Bowling has alleged facts sufficient to state Eighth Amendment claims and state tort law claims for assault, battery, and false

imprisonment against Mr. Cantrell, Mr. Bills, and Ms. Dudley. He has also alleged sufficient facts to state a Fourth Amendment unreasonable search claim against Mr. Cantrell. The motion to dismiss is **denied** with respect to these claims. The defendants may seek judgment as a matter of law once all parties have had an opportunity to conduct discovery.

### D. Federal Rule of Civil Procedure 8

Finally, Mr. Cantrell, Mr. Bills, and Ms. Dudley seek dismissal of Mr. Bowling's claims against them because he allegedly has not complied with the requirement in Federal Rule of Civil Procedure 8 that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dkt. 70 at 17-18. They assert that it is "difficult for [them] to know how to respond" because the claims and parties "have evolved so many times throughout the life of the case." *Id.* at 18.

The second amended complaint, dkts. 63 and 64, is the operative pleading in this action, and the defendants were notified of such in the screening entry, *see* dkt. 66. Holding Mr. Bowling to a less stringent standard because he is proceeding *pro se*, *see Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015), the Court concludes that the second amended complaint is not unintelligible and gives the defendants the notice to which they are entitled. Although Mr. Bowling repeats factual allegations, the second amended complaint consistently outlines the facts and clearly identifies legal theories. This is not a situation where dismissal under Rule 8 is warranted. *See Crenshaw v. Antokol*, 206 F. App'x 560, 563-64 (7th Cir. 2006) (finding no abuse of discretion where district court dismissed 35-page complaint under Rule 8 because it contained an "abundance of confusing language and vexing references to other irrelevant material"). The defendants' motion to dismiss is **denied** on this ground.

### III. Conclusion

The defendants' motion to dismiss, dkt. [70], is **granted in part and denied in part**. It is **granted** to the extent all claims against Terry Combs, Joe Oliver, and David Hornsby are **dismissed** as barred by the statute of limitations. It is **denied** insofar as the Eighth Amendment claims and state law tort claims for assault, battery, and false imprisonment shall proceed against Mr. Cantrell, Mr. Bills, and Ms. Dudley. Mr. Bowling's Fourth Amendment unreasonable search claim shall also proceed against Mr. Cantrell.

Counsel for defendants Mr. Cantrell, Mr. Bills, and Ms. Dudley shall have **through August 13, 2020,** to file an Answer to the second amended complaint.

The **clerk is directed** to terminate Terry Combs, Joe Oliver, and David Hornsby as defendants on the docket. No partial final judgment shall issue as to the claims resolved in this Order.

**IT IS SO ORDERED.**

Date: 7/14/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DAMON BOWLING
201157
Fayette County Jail
123 W. 4th St.
Connersville, IN 47331

Katelyn H. Juerling
NORRIS CHOPLIN SCHROEDER
kjuerling@ncs-law.com

Bruce L. Kamplain
NORRIS CHOPLIN & SCHROEDER LLP
bkamplain@ncs-law.com

Bradley J. Wombles
NORRIS CHOPLIN & SCHROEDER
bwombles@ncs-law.com